In the Order Approving Compromise Settlement Agreement, Deputy Commissioner Garner awarded plaintiff's counsel a twenty-five percent (25%) attorney's fee of $25,000.00, without further commentary as to the reasonableness of this fee. Plaintiff's counsel has presented a contingency fee agreement, duly executed, which provides for a thirty percent (30%) attorney's fee in the event that the case went to mediation prior to settlement, which was the case here.
The undersigned have reviewed the record as a whole and find that a twenty-five percent (25%) attorney's fee is reasonable for services rendered in this case and that a thirty percent (30%) fee would, in fact, be unreasonable in the case.
The requested fee is unreasonable for a number of reasons, the most compelling of which is that it is not the customary fee charged for legal services rendered in similar workers' compensation cases in which no hearing is held, with the customary fee being twenty-five percent (25%).
It is noted that the Form 44 submitted by plaintiff's attorney makes reference to the "Executive Secretary" making this decision and to the specific mention in the order as to the reasoning. Thus, the assignments of error appeared to be directed at another case or a "form" Form 44 was used. In any event, the reason for the appeal is clear and will be addressed at this time.
As aforementioned, the thirty percent (30%) fee is unreasonable in that it is above the reasonable fee of twenty-five percent (25%) customarily charged for similar services. There is no convincing evidence in this case to warrant an increased fee at this level, as the results achieved, time invested, and skill level involved, as well as the nature of the attorney's services, were not beyond services similarly rendered in workers' compensation cases for which a twenty-five percent (25%) attorney's fee (or less) is routinely requested and awarded by the Commission.
The Full Commission further bases its decision upon the principles underlying the Workers' Compensation Act, which provides a basis for compensating injured workers and partially replacing wages which they are unable to earn due to a workplace injury. Workers' compensation benefits differ from a contingency award in personal injury cases in that no portion of the compensation derives from a pain and suffering component but rather is based upon two-thirds of the average weekly wages earned by the worker prior to the injury. For these reasons, the Commission typically approves attorney's fees in workers' compensation cases in the amount of twenty-five percent (25%) of the compensation benefits, in order to assure that the worker retains the majority of the compensation in lieu of wages. N.C. Gen. Statute 97-90(a) provides that all attorney's fees are subject to Commission approval. N.C. Gen. Stat. 97-90(c) allows the Commission to disapprove a fee contract which it finds to be unreasonable.
In this case, there was no preparation for trial and no lengthy or complicated hearing before the deputy commissioner prior to settlement. Under these circumstances and in light of the day-to-day needs of the injured worker, the Full Commission, in their discretion, find and conclude for the above-mentioned reasons that an attorney's fee of thirty percent (30%) is unreasonable and that the twenty-five percent (25%) fee which was previously awarded is reasonable and shall stand.
This the _____ day of _______________, 1998.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ RENÉE C. RIGGSBEE COMMISSIONER
JHB/kws